UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN E. VELAZQUEZ,

                    Plaintiff,

-vs-                                         Case No.  8:05-cv-1344-T-24TBM

ATTORNEY RONALD TULIN,

                    Defendant.

_____

## ORDER

    Pro se prisoner Plaintiff, who is incarcerated at Jackson Correctional Institution, Jackson County, Florida, filed a 42 U.S.C. § 1983 civil rights complaint against his privately-retained attorney.  Included with the complaint was a copy of the contract Plaintiff Velazquez signed when he retained Attorney Tulin to represent him in his state criminal case.  Plaintiff was charged with trafficking in cocaine, conspiracy to traffic in cocaine, and violation of parole.

    In his complaint, Plaintiff alleges that counsel "did not keep his agreement under the constitutions and laws which led me to correct the problem he caused for me."  He also contends that his attorney violated Plaintiff's Eighth Amendment rights because Plaintiff has experienced "a lot of pain and suffering" as a result of counsel's actions.

    Plaintiff seeks to have the fees he paid the attorney returned "since I had to do my own case that I paid him for."  He also seeks $300,000 for all the pain and suffering he [the attorney] "caused me that will remain in my mind for the rest of my life."

Dockets.Justia.com

DISCUSSION

A review of the file demonstrates that, for the following reasons, the complaint must be **DISMISSED**, with prejudice.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Tillman v. Coley, 886 F.2d 317, 319 (11th Cir.), reh'g denied en banc, 893 F.2d 346 (11th Cir. 1989); Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989); Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir.), reh'g denied en banc, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) overruled on other grounds by White v. Lemacks, 183 F.3d 1253, 1259 (1999) citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Plaintiff fails to meet the elements described above. First, Plaintiff has not shown that his attorney was acting under color of state law. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding Polk County v. Dodson, 454 U.S. 312 (1981). Likewise a lawyer representing a private client in criminal proceedings cannot at the same time represent the State, Georgia v. McCollum, 505 U.S. 42 (1992), and does not act under color of state law.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, with prejudice.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff is assessed the $250.00 filing fee.  The Clerk is directed to send a copy of this order to Inmate Accounting 1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley, Professional Account Supervisor.

ORDERED in Tampa, Florida, on July 21, 2005.

SUSAN C. BUCKLEW
United States District Judge

Juan E. Velazquez